Filed 2/3/21  P. v. Sconiers CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B304595 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. BA355108) |
| DARYL SCONIERS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lisa B. Lench, Judge.  Reversed and remanded with directions.

Jennifer Peabody, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Susan Sullivan Pithey, Assistant Attorneys General, Charles S. Lee and Idan Ivri, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Daryl Anthony Sconiers, Jr. (defendant) appeals from the judgment entered after he was resentenced upon the granting of his petition for vacatur and resentencing pursuant to Penal Code section 1170.95.[1] Defendant contends, and respondent agrees, that the trial court erred in replacing his first degree murder conviction with a second degree murder conviction, and then resentencing him on the second degree murder, rather than on the remaining counts. We agree that this was error, therefore we reverse and remand with directions.

## BACKGROUND

In 2014, a jury convicted defendant of first degree murder (count 1) and found true the special allegation that a principal was armed with a firearm. The jury also found true the special circumstance alleged pursuant to former section 190.2, subdivision (a)(17), that an accomplice committed the murder during the commission of a first degree burglary and during the commission of attempted first degree robbery. Defendant was also convicted of attempted first degree robbery (count 2) and first degree burglary (count 3), with a principal armed in the commission of the offenses (§ 12022, subd. (a)(1)).

On February 26, 2016, defendant was sentenced to life in prison without the possibility of parole (LWOP) as to count 1, plus one year for the firearm allegation. The court imposed a sentence of three years plus a one-year firearm enhancement as to count 2, and a term of six years plus a one-year firearm

---

[1]      All further statutory references are to the Penal Code, unless otherwise indicated.

enhancement as to count 3. The sentences as to counts 2 and 3 were stayed pursuant to section 654.

Section 190.2, subdivisions (a)(17) and (d) provide, and provided at the time of defendant's 2014 conviction, that LWOP or the death penalty could be imposed on an aider or abettor, not the actual killer, whose accomplice committed murder during the commission or attempted robbery or burglary, so long as the aider and abettor was a major participant in the crime and acted with reckless indifference to human life. (See Stats. 1998, ch. 629, § 2.) Defendant appealed from the 2014 judgment, challenging the true findings on the section 190.2 special circumstance on the ground that they were not supported by substantial evidence. (See *People v. Aikens* (Nov. 2, 2017, B270559) [nonpub. opn.] (*Aikens*).)

The *Aikens* opinion's summary of the evidence indicates that defendant and his codefendant attempted to rob a marijuana dealer, and during the attempted robbery, one of them shot and killed the dealer. (*Aikens, supra*, B270559 at pp. 3-6.) Substantial evidence indicated that the codefendant, not defendant, was the actual killer, as the codefendant brought a gun and brandished it during the robbery. There was no evidence that defendant had a gun. (*Id*. at p. 9.) After applying the factors in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 to the evidence, we concluded that the evidence was insufficient to show that defendant acted with reckless indifference to human life. (*Aikens*, at pp. 10-15.) Therefore, we reversed the true finding on the special circumstance and remanded for resentencing. (*Id*. at pp. 9, 15.)

On remand, defendant filed a petition pursuant to section 1170.95 for resentencing, alleging that he was convicted of first

3

degree felony murder, that he could no longer be convicted because of changes to sections 188 and 189, that he was not the actual killer, did not act with the intent to kill, was not a major participant in the felony or did not act with reckless indifference to human life, and the victim was not a peace officer. The prosecution opposed the petition on the asserted grounds that section 1170.95 was unconstitutional, and that our finding on appeal that defendant did not act with reckless indifference to human life should be reconsidered by the trial court. At a hearing on the petition, defendant was represented by previously appointed counsel. The trial court heard arguments, found that the statute was not unconstitutional and that defendant had made a prima facie case for granting the petition. The court issued an order to show cause why the requested relief should not be granted.

After hearing on the order to show cause, the trial court granted the petition. Relying on our decision in *People v. Ramirez* (2019) 41 Cal.App.5th 923 (*Ramirez*), the court explained that although it disagreed with the finding in defendant's appeal that he had not acted with reckless indifference to human life, the court had no discretion to deny vacatur of defendant's first degree murder conviction. On January 14, 2020, the trial court vacated defendant's first degree murder conviction, and added a conviction of second degree murder. The court then sentenced defendant to a term of 15 years to life for that offense, plus one year for the firearm enhancement.[2]

---

[2]     The trial court relied on a pre-Senate Bill No. 1437 (S.B. 1437) California Supreme Court decision, *People v. Chiu* (2014) 59 Cal.4th 155. In that case, the court held that a

4

Defendant filed a timely notice of appeal from the judgment.

## DISCUSSION

Defendant contends that the trial court had no authority to reduce the first degree murder conviction to second degree murder, but was instead required to vacate count 1 and sentence him on the remaining counts, attempted first degree robbery and first degree burglary. Respondent agrees, as do we.

Second degree murder is the unlawful killing of a human being with malice aforethought that is not willful, deliberate and premeditated. (*People v. Nieto Benitez* (1992) 4 Cal.4th 91, 102; §§ 187, subd. (a), 189.) Malice may be express or implied. (§ 188; *Nieto Benitez,* at p. 102.) S.B. 1437 added section 1170.95 and amended sections 188 and 189. As amended, section 188 limits a finding of malice as follows: "Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) As added by S.B. 1437, subdivision (e) of section 189 reads: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a)

---

defendant who has been convicted of murder under the natural and probable consequences could not be convicted of first degree murder, and such a conviction must be reduced to second degree murder. (*Id.* at pp. 166-167.) It was thus inapplicable to section 1170.95 and post S.B. 1437 felony murder convictions. We granted respondent's request that we take judicial notice of the appellate record in *Aikens*, *supra*, B270559, and we note that the jury was extensively instructed regarding felony murder liability (CALJIC Nos. 8.10, 8.21, 8.21.1, 8.21.2, 8.26, and 8.27), but not the natural and probable consequences doctrine.

5

[including attempted robbery and first degree burglary] in which a death occurs is liable for murder only if one of the following is proven:

> "(1)  The person was the actual killer.

> "(2)  The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.

> "(3)  The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

The trial court correctly determined that the finding in our opinion that defendant was not the actual killer and did not act with reckless indifference to human life required it to vacate defendant's murder conviction and to resentence him.  (§ 1170.95, subd. (d)(2); see *Ramirez*, *supra*, 41 Cal.App.5th at p. 932.)  There is, however, no provision in section 1170.95 for substituting second degree murder in place of a first degree murder conviction or for reducing first degree murder to second degree murder.  Current section 189 does not limit its application to first degree murder, but unambiguously applies to murder, without regard to its degree.  Where, as here, the prosecution fails to prove beyond a reasonable doubt that the petitioner is ineligible for resentencing, "the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the *remaining charges*."  (§ 1170.95, subd. (d)(3), italics added; *Ramirez*, at p. 933.)  Here,

6

the remaining charges are count 2, attempted first degree robbery, and count 3, first degree burglary.[3]

Though defendant may have served the maximum possible sentence, the trial court is permitted to resentence defendant on the remaining counts and to order defendant subject to parole supervision for up to three years. (§ 1170.95, subd. (g); *People v. Wilson* (2020) 53 Cal.App.5th 42, 46.)

---

[3] The only provision in section 1170.95 authorizing the replacement of the vacated conviction with another is found in subdivision (e): "If petitioner is entitled to relief pursuant to this section, murder was charged generically, and the target offense was not charged, the petitioner's conviction shall be redesignated as the target offense or underlying felony for resentencing purposes." (See e.g. *People v. Howard* (2020) 50 Cal.App.5th 727, 729-738.)

## DISPOSITION

The judgment entered upon vacatur and resentencing pursuant to section 1170.95 is reversed. The matter is remanded to the superior court with directions to vacate count 1 in its entirety, and resentence defendant on the remaining counts, count 2, attempted first degree robbery and count 3, first degree burglary, and to give defendant credit for the time he has served. The superior court is further directed to prepare an amended abstract of judgment reflecting the new sentence, and to forward it to the Department of Corrections and Rehabilitation.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
CHAVEZ


We concur:


_____, P. J.
LUI


_____, J.
ASHMANN-GERST

8